1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEHU HAND,                              Case No.   1:19-cv-01329-JDP

12              Petitioner,                  ORDER TO SHOW CAUSE WHY PETITION
                                             SHOULD NOT BE DISMISSED FOR LACK
13        v.                                 OF JURISDICTION

14   KATHLEEN HAWK SAWYER, ET AL.,           ECF No. 1

15              Respondent.                  FOURTEEN DAY DEADLINE

16                                           ORDER DENYING MOTION FOR
                                             DISCOVERY
17
                                             ECF No. 6
18

19          Petitioner Jehu Hand, a federal prisoner without counsel, seeks a writ of habeas corpus

20   under 28 U.S.C. § 2241.  ECF No. 1.  This matter is before the court for preliminary review under

21   Rule 4 of the Rules Governing Section 2254 Cases.  *See* Rules Governing Section 2254 Cases,

22   Rule 4; 28 U.S.C. § 2243.  Under Rule 4, a district court must dismiss a habeas petition if it

23   "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d

24   687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  Rule 4 was

25   "designed to give courts an active role in summarily disposing of facially defective habeas

26   petitions."  *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted).  The court may

27   dismiss claims at screening for "easily identifiable" defects.  *Id*.  We order petitioner to show

28

                                              1

cause why the petition should not be dismissed at screening for lack of jurisdiction. Petitioner also filed a motion for discovery, which we deny. ECF No. 6.

**Background**

Petitioner, who was convicted of financial crimes in 2018, is currently serving a 66-month federal prison sentence at a Bureau of Prisons ("BOP") minimum-security facility. ECF No. 1 at 3. In June 2019, petitioner sought placement either in home confinement or at a residential reentry center. *Id*. This request was rejected by the prison, as was petitioner's appeal of the rejection. *Id*. at 6-7. In rejecting petitioner's request, BOP officials stated that they had considered the five factors of 18 U.S.C. § 3621(b).[1] Petitioner maintains that the BOP did not properly consider the placement factors of § 3621(b); he seeks federal judicial review of the BOP's decision.

**Discussion**

Although the Administrative Procedure Act ("APA") provides a cause of action for persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute," 5 U.S.C. § 702, judicial review is not available when the relevant statute "preclude[s] judicial review" or the "agency action is committed to agency discretion by law," *id*. at § 701(a). In most circumstances, federal courts may not review discretionary placement determinations made by the BOP under § 3621. *See* 18 U.S.C. § 3621(b) ("notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court"); *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) (holding that the district court lacked jurisdiction over habeas challenge to BOP's individualized placement determination). Federal review of § 3621 decisions is also prohibited by 18 U.S.C. § 3625. *Id*. ("There is no ambiguity in the meaning of 18 U.S.C. § 3625. The plain language of this statute specifies that the judicial review provisions of the

---

[1] In considering federal prison placement, prison officials are to consider: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994.

1  APA . . . do not apply to any determination, decision, or order made pursuant to 18 U.S.C.

2  § 3621.").

3       Review is not proscribed in all circumstances; section 3625 does not preclude claims that

4  BOP "acted contrary to established federal law, violated the Constitution, or exceeded its

5  statutory authority when it acted pursuant to 18 U.S.C. § 3621." *See Rodriguez v. Copenhaver*,

6  823 F.3d 1238, 1242 (9th Cir. 2016).  However, "[i]t is well established that a prisoner has no

7  right to incarceration in a particular place;" discretion over a prisoner's placement "rests

8  exclusively with the BOP." *Schulze v. Fed. Bureau of Prisons*, No. 19-00669 JAO-WRP, 2019

9  U.S. Dist. LEXIS 218643, at *6 (D. Haw. Dec. 20, 2019), *see Meachum v. Fano*, 427 U.S. 215,

10  225 (1976) (holding that the Constitution does not "protect a duly convicted prisoner against

11  transfer from one institution to another").  Petitioner has failed to show how BOP's actions might

12  have violated federal law or the Constitution, or how they might have gone beyond BOP's

13  statutory authority.  Therefore, we order petitioner to show cause why his petition should not be

14  dismissed on these grounds.

15       Second, even if petitioner could show that the BOP's actions violated federal law,

16  petitioner's claim is outside the "core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 935

17  (9th Cir. 2016) (claims that would not necessarily lead to immediate or earlier release from

18  confinement do not fall within the core of habeas corpus).  Although "[c]hallenges to the validity

19  of any confinement or to particulars affecting its duration are the province of habeas corpus,"

20  requests for relief turning on circumstances of confinement are not. *Muhammad v. Close*, 540

21  U.S. 749, 750 (2004) (per curiam).  "[H]abeas jurisdiction is absent . . . where a successful

22  challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v.

23  Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).  Here, petitioner has not explained how success on his

24  habeas claim would lead to his immediate or earlier release from confinement.  Therefore,

25  petitioner is ordered to show cause why his petition should not be dismissed on these grounds.

26  **Motion for Discovery**

27       Petitioner moves this court for leave to conduct discovery.  ECF No. 6.  A habeas

28  petitioner, "unlike the usual civil litigant in federal court, is not entitled to discovery as a matter

of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Under Rule 6(a) of the Rules Governing Section 2254 Cases, a federal district court may authorize discovery in a habeas proceeding for good cause. *See id.* at 904-05. Good cause exists if "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed," demonstrate entitlement to habeas relief. *Smith v. Mahoney*, 611 F.3d 978, 996-97 (9th Cir. 2010). However, "bald assertions and conclusory allegations" do not "provide a basis for imposing upon the state the burden of responding in discovery to every habeas petitioner who wishes to seek such discovery." *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987) (citing *Wacht v. Cardwell*, 604 F.2d 1245, 1246 n.2 (9th Cir. 1979)).

Here, petitioner seeks discovery of certain prison records. He states that these records are available through a Freedom of Information Act request, but that he cannot afford to make such a request. ECF No. 6 at 2. He also seeks to propound written discovery requests on respondent. *Id.* at 3. Petitioner has submitted proposed interrogatories to this court. *Id.* at 4-5. At this early stage, petitioner cannot show that good cause exists for discovery. Petitioner has not made specific allegations that, if fully developed, would demonstrate that he is entitled to habeas relief. Therefore, we deny petitioner's motion for discovery without prejudice.

**Order**

Within fourteen days from the date of service of this order, petitioner must show cause why the court should not summarily dismiss the petition. Failure to comply with this order may result in the dismissal of the petition. Petitioner's motion for discovery is denied. ECF No. 6.

IT IS SO ORDERED.

Dated:   February 17, 2020  

_____
UNITED STATES MAGISTRATE JUDGE

No. 206.