UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHU HAND, | Case No. 1:19-cv-01329-HBK |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MOOT |
| v. | |
| KATHLEEN HAWK SAWYER, STEVEN "MIKE" MERLAK, | RESPONSE DUE IN THIRTY DAYS |
| | (Doc. No. 1) |
| Respondent. | |

I. BACKGROUND

Petitioner Jehu Hand, a federal prisoner proceeding *pro se*, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). In June 2019, petitioner, while incarcerated at Taft Federal Corrections Institution, sought placement in either home confinement or at a residential reentry center. (Doc. No. 1 at 3). Petitioner's request was rejected by the Bureau of Prisons, as were his administrative appeals of the rejection. (*Id*. at 6-7). As relief, petitioner requests the court to review the BOP's placement decision and order an independent panel to access petitioner's placement. (*Id*. at 2).

II. APPLICABLE LAW

The "case-or-controversy requirement of Article III, § 2, of the Constitution subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must

continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (internal quotations omitted).  Therefore, throughout civil proceedings, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id*. at 477.  "[I]f it appears that [the court is] without power to grant the relief requested, then the case is moot." *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991).

### III. ANALYSIS

It appears petitioner has recently been placed under the supervision of the Long Beach residential reentry management field office, meaning that petitioner has been placed in either home confinement or in a residential reentry center.[1]  Indeed, petitioner's recently filed notice of change of address confirms his new address does not correspond to a correctional facility.  (Doc. No. 27).  Because the relief petitioner seeks, placement in either home confinement or in a residential reentry center, has seemingly already been granted, the court is "without power to grant the relief requested." *Picrin-Peron*, 930 F.2d at 775.  Therefore, the court orders petitioner to show cause why his petition should not be dismissed as moot.

Accordingly, it is ORDERED:

Within thirty (30) days of receipt of this order, petitioner must show cause why his petition should not be dismissed as moot.

IT IS SO ORDERED.

Dated:   March 16, 2021

*signature*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] The court reviewed the Federal Bureau of Prison's inmate locator listing for petitioner and takes judicial notice of it per Rule 201 of the Federal Rules of Evidence.  *See* Federal Bureau of Prisons Find an Inmate, https://www.bop.gov/inmateloc/ (search "Find by Name" for "Jehu Hand").