UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHU HAND,<br><br>        Petitioner,<br><br>    v.<br><br>KATHLEEN HAWK SAWYER, STEVEN "MIKE" MERLAK,<br><br>        Respondents. | Case No. 1:19-cv-01329-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS[1]<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>(Doc. No. 18)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

    Petitioner Jehu Hand, a federal prisoner proceeding *pro se*, petitioned for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1). Respondent moved to dismiss the petition and petitioner filed a reply in opposition to respondent's motion. (Doc. Nos. 18, 20). The motion to dismiss is now ripe for this court's review. For the reasons stated below, the court recommends that respondent's motion to dismiss be granted.

////

////

---

[1] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

I.     BACKGROUND

Petitioner initiated this action by filing the instant petition on September 23, 2019 while he was incarcerated at Taft Correctional Institution, located in the Eastern District of California. (Doc. No. 1). The court notes that petitioner has filed four other habeas petitions in this court: *Hand v. Puentes*, No. 1:19-cv-00631-DAD-JDP (E.D. Cal. Apr. 29, 2020); *Hand v. Merlak*, No. 1:19-cv-01144-AWI-SAB (E.D. Cal. June 15, 2020); *Hand v. Barr*, No. 1:20-cv-00348-AWI-SAB (E.D. Cal. May 10, 2021); *Hand v. FCI Herlong*, No. 2:20-cv-02320-JAM-JDP (E.D. Cal. May 3, 2021).[2] All these petitions were unsuccessful.

Petitioner is serving a 66-month sentence for his 2018 conviction after a jury trial entered by the United States District Court for the District of Massachusetts. (Doc. No. 25 at 1). On August 28, 2020, respondents moved to dismiss the petition. (Doc. No. 18). On February 4, 2021, petitioner provided the court with a change of address form. (Doc. No. 27). Noting that petitioner was released to home confinement, the court issued an order to show cause why the petition should not be dismissed as moot. (Doc. No. 28). Petitioner responded to the order to show cause, informing the court that he has only been released to home confinement on a temporary basis due to the COVID-19 pandemic. (Doc. No. 29 at 2-3). Petitioner states that he could be returned to incarceration at any time. (*Id*.). Accordingly, the case is not moot and this court's order to show cause is discharged.

In June 2019, while incarcerated at Taft Federal Corrections Institution, petitioner sought placement in either home confinement or at a residential reentry center.[3] (Doc. No. 1 at 3). This request was rejected by the BOP, as were petitioner's administrative appeals of the rejection. (*Id*. at 6-7). In their rejection, BOP officials state they had considered the five required placement factors as outlined in 18 U.S.C. § 3621(b) In considering federal prison placement, prison officials are to consider: (1) the resources of the facility contemplated; (2) the nature and circumstances of

---

[2] The court does not find the instant petition a second or successive because petitioner's previously filed petitions (Case No. 1:19-cv-00631-DAD-JDP and Cse No. 1:19-cv-01144-AWI-SAB) raise different claims from those in the instant petition.

[3] Both home confinement and residential reentry center confinement are considered "community confinement," and are addressed as such here.

2

the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. §994. 18 U.S.C. § 3621(b)(1)-(5)). Petitioner argues BOP did not properly consider the § 3621(b) placement factors; and, in doing so, abused its discretion. Petitioner also generally claims that BOP violated federal law or the Constitution and exceeded its statutory authority. (Doc. No. 1 at 11). Petitioner now seeks federal judicial review of BOP's decision. Petitioner also seeks the court to order an independent review panel to assess petitioner's placement. (*Id*. at 2).

In its motion to dismiss, respondent argues the petition should be dismissed because: (1) the petitioner's claim is without merit; (2) petitioner did not exhaust his administrative remedies; (3) petitioner lacks standing; (4) the issue is not ripe for decision; and (5) the issue is moot. (*See generally* Doc. No. 18). Because petitioner's claim is without merit, the court recommends granting respondent's motion to dismiss for that reason and declines to address respondent's other arguments in support of dismissal.

II. DISCUSSION

    a. Standard of Review

No habeas rule explicitly applies to motions to dismiss. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes."). Following an approach frequently taken by other courts in this district, the court finds that Rule 4 of the Rules Governing Section 2254 Cases provides the most appropriate analytical framework for motions to dismiss in the habeas context. *See, e.g.*, *Ram v. Sacramento Cty.*, No. 2:15-cv-2074-WBS-DB, 2017 U.S. Dist. Lexis 85123 at *4 (E.D. Cal. June 2, 2017). Rule 4 establishes what is commonly known as a "screening" procedure for habeas petitions. *See O'Bremski v. Maass*, 915 F.2d 418,

420 (9th Cir. 1990). Under Rule 4, the court evaluates whether it "plainly appears" that the petitioner is not entitled to relief—and if so, the petition is dismissed.

### b. No Review of BOP's Individual Placement Decision

#### i. Applicable Law

As stated in the court's previous order to show cause, the Administrative Procedure Act ("APA") provides a cause of action for persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. However, judicial review is not available where the relevant statute "preclude[s] judicial review" or the "agency action is committed to agency discretion by law." *Id.* at § 701(a). In most circumstances, federal courts may not review discretionary placement determinations made by BOP under § 3621. *See* 18 U.S.C. § 3621(b) ("notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court"); *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) (holding that the district court lacked jurisdiction over habeas challenge to BOP's individualized placement determination). Federal review of § 3621 decisions is also prohibited by 18 U.S.C. § 3625. *Id.* ("There is no ambiguity in the meaning of 18 U.S.C. § 3625. The plain language of this statute specifies that the judicial review provisions of the APA . . . do not apply to any determination, decision, or order made pursuant to 18 U.S.C. § 3621.").

#### ii. Analysis

Here, petitioner claims BOP failed to fully consider § 3621(b)'s five placement factors and the directives of the related BOP Program Statement 5100.08.[4] To the extent petitioner disputes the BOP's individual placement decision, this court does not have jurisdiction to review petitioner's claim. *See Reeb*, 636 F.3d at 1228 (explaining that "BOP's purported violation of its own program statement simply is not a violation of federal law such that the district court would have jurisdiction

---

[4] *See* U.S. Department of Justice, Bureau of Prisons Program Statement 5100.08, issued Sept. 12, 2006, Inmate Security Designation and Custody Classification, available at https://www.bop.gov/policy/progstat/5100_008.pdf, last accessed December 29, 2020 (Program Statement 5100.08 provides policy and procedures related to inmate placement, in accordance with § 3621(b)).

to review [the petitioner's] claim). Therefore, this court has no jurisdiction to review petitioner's individual placement decision made by BOP.

### c. Federal Law Violation Claim

#### i. Applicable Law

Although this court does not have jurisdiction to review BOP's individual placement decision, this court does have jurisdiction to review claims "that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority." *See Reeb*, 636 F.3d at 1228; *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016).

#### ii. Analysis

Petitioner does not present any evidence that BOP's denial of placement in community confinement violated federal law or the Constitution or that BOP exceeded its statutory authority. In denying petitioner's request for immediate transfer to community confinement, BOP stated:

> Records indicate that prior to your September 2019 program review, you requested immediate transfer to an RRC, prior to the 12-month time frame, for the remainder of your sentence.[5] Although they were not required to review your request prior to your program review, staff evaluated your request pursuant to the provisions and criteria set forth in 18 U.S.C. § 3621(b), and Program Statement 5100.08. Your Unit Team determined, in the exercise of their professional judgment and after individualized review, your current designation to [Taft CI] is appropriate and commensurate with your security and programming needs. Therefore, transfer to an RRC was not appropriate at that time. Additionally, you were provided with an appropriate response detailing the reasons why.

(Doc. No. 18 at 4).

In this court's order to show cause, petitioner was ordered to show "how BOP's actions might have violated federal law or the Constitution, or how they might have gone beyond BOP's statutory authority." (Doc. No. 7 at 3). In response, petitioner stated that it is "impossible for [the BOP] to have actually performed the required individualized review," that the BOP "refused to exercise discretion," and that the BOP "acted contrary to law." (Doc. No. 8 at 2).

---

[5] According to 18 U.S.C. § 3624(c)(1), BOP is to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." *See also Sacora v. Thomas*, 628 F.3d 1059, 1066 (9th Cir. 2010).

5

In the motion to dismiss, respondent argues that petitioner's claim lacks merit. (Doc. No. 18 at 6-7). Specifically, Respondent argues that BOP did not exceed its statutory authority because federal inmates do not have a constitutional or statutory right to a placement in community confinement for a period longer than 12 months prior to their release date. (*Id.*); 18 U.S.C. § 3624(c)(1); *Sacora*, 628 F.3d at 1066. At the time petitioner requested placement in community confinement, he had served less than one year of his 66-month sentence. (Doc. No. 18 at 3). Moreover, respondent argues that petitioner has only offered conjecture and conclusory arguments to show that his placement review was "perfunctory and not individualized" rather than provide arguments related to a federal law or constitutional violation by BOP. (*Id.* at 7).

In his opposition to the motion to dismiss, petitioner relies on *Rodriguez* to argue that his situation is "unusual or extraordinary," and therefore BOP erred in denying him placement in community confinement. (Doc. No. 20 at 4). However, petitioner's reliance on *Rodriguez* is unavailing. In *Rodriguez*, the Ninth Circuit found that BOP acted contrary to § 3621(b)(4) and due process when it relied on a letter from a judge who was not the petitioner's sentencing judge in making petitioner's placement determination, directly violating the plain language of the statute. *See Rodriguez*, 823 F.3d at 1182. Unlike *Rodriguez*, here petitioner presents no evidence of BOP directly violating federal law, the Constitution, or exceeding its statutory authority.

Additionally, petitioner raises conclusory arguments and conjecture that are not supported by evidence. For example, petitioner states, without providing any evidence, that BOP "failed to perform a bona-fide review," as required by § 3621(b). (Doc. No. 20 at 3). As support for his contention, petitioner argues that BOP must have failed to consider the five placement factors because BOP's rejection of his housing request was not detailed, and the decision was made within a short period of time. (*Id.*). Additionally, petitioner argues that because officials at Taft have "performed tens of thousands of 3621(b) evaluations without approving a sole individual," this is a "powerful point of evidence in petitioner's favor." (*Id.* at 3).

The court agrees with respondent—petitioner has failed to present any evidence that BOP's denial of placement in community confinement violated federal law or the Constitution or that BOP exceeded its statutory authority. "It is well-settled that 'conclusory allegations which are not

6

supported by a statement of specific facts do not warrant habeas relief.'" *Jones v. Gomez,* 66 F.3d 199, 204-05 (9th Cir. 1995) (quoting *James v. Borg,* 24 F.3d 20, 26 (9th Cir. 1994) (noting that "conclusory suggestions" fall "far short of stating a valid claim of constitutional violation"). Here, petitioner's conjecture is not enough to support a finding of the type of violation required for habeas relief. Accordingly, the court recommends that respondent's motion to dismiss be granted.

Accordingly, it is ORDERED:

The Clerk of Court is directed to assign a district judge to this case.

It is further RECOMMENDED:

1. Respondent's motion to dismiss (Doc. No. 18) be granted.

2. The Clerk of Court be directed to terminate any pending motions/deadlines and close this case.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: May 26, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

7